Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CICOY IMAGING PSC<br><br>Parte Apelante<br><br>vs.<br><br>HOSPITAL DOCTOR SUSONI, INCORPORADO H/N/C HOSPITAL METROPOLITANO DR SUSONI, CORPORACION ABC<br><br>Parte Apelada | TA2026AP00300 | *APELACIÓN*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso núm.: AR2025CV01981<br><br>Sobre:<br>Cobro de Dinero, Incumplimiento |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de mayo de 2026.

El 24 de marzo de 2026, Cicoy Imaging PSC (Cicoy o la parte apelante) presentó ante nos una *Apelación* en la que solicitó que revoquemos la *Sentencia Parcial* emitida y notificada el 26 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario).[1]

En el aludido dictamen, el foro primario ordenó la desestimación de la primera y segunda causa de acción, sobre cobro de dinero, en la *Demanda* ante la *Moción de desestimación* presentada por el Hospital Doctor Susoni incorporado h/n/c Hospital Metropolitano Dr. Susoni, Corporacion ABC (la parte apelada). Empero, el TPI ordenó la continuación de los procedimientos con respecto a la tercera causa de acción de la *Demanda*.

---

[1] Entrada núm. 17 del caso núm. AR2025CV01981 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia Parcial* apelada.

**I.**

El caso de epígrafe tiene su origen cuando el 8 de octubre de 2025, Cicoy instó una *Demanda* en la que alegó que, para alrededor del mes de noviembre de 2023, suscribió un contrato con la parte apelada para que interpretara estudios radiológicos de los pacientes.[2] La parte apelante adujo que, como parte de las obligaciones contractuales, la parte apelada le tenía que proveer información con relación al costo de las tarifas médicas que debía cobrar Cicoy. Arguyó que, el 1 de septiembre de 2018, las partes renovaron su relación contractual. No obstante, en abril de 2025, uno de los representantes del sistema Metro Pavía le informó a la parte apelante que, las tarifas médicas que cobraban estaban incorrectas. Así, Cicoy argumentó que, la parte apelada incurrió en una actitud dolosa tras proveerle información falsa y, por tanto, cobrar una cantidad menor con relación a los servicios que proveía. Asimismo, sostuvo que, la parte apelada incumplió contractualmente con la extensión del contrato puesto que la parte apelada emitió una solicitud de propuestas para sustituir a Cicoy y, por ende, produjo el efecto de la cancelación del contrato con la parte apelante. Consecuentemente, solicitó que fuese indemnizado por la cuantía de $3,000,000 ante las pérdidas en su negocio por la cancelación de contrato y el cobro de tarifas a un menor precio del que debía cobrar.

El 10 de diciembre de 2025, la parte apelada radicó una *Moción de desestimación* en la que refutó que, Cicoy ha tenido acceso a las tarifas ante las diversas relaciones con los diferentes planes médicos y aseguradoras.[3] Alegó que, la determinación de la parte

---

[2] Entrada núm. 1 del caso núm. AR2025CV01981 en el SUMAC.
[3] Entrada núm. 9 del caso núm. AR2025CV01981 en el SUMAC.

apelante en acudir a un foro judicial se debió a que los servicios de radiología serían objeto de un proceso de solicitud de propuestas, la cual Cicoy estaba invitado a participar. Sostuvo que, la *Demanda* dejó de exponer una reclamación que justifique la concesión de un remedio dado que esboza hechos que cumplen con los elementos de una acción de cobro de dinero. Ante ello, la cantidad reclamada por Cicoy no era una cuantía liquida, vencida y exigible toda vez que, la parte apelante incurrió en incuria y, a su vez, no especifica de donde surgía el monto reclamado. Por ende, solicitó la desestimación del pleito.

En respuesta, el 23 de enero de 2026, Cicoy presentó una *Oposición a moción de desestimación* en la que reiteró su petitorio y, argumentó que, recibió pagos inferiores con respecto a las tarifas médicas a causa de que la parte apelada no le informó sobre el aumento en el pago de las tarifas médicas.[4] Asimismo, alegó que, el pleito debía tener su día en corte en aras de poder evidenciar que la deuda era una líquida, vencida y exigible.

Así las cosas, el 26 de enero de 2026, el TPI emitió una *Sentencia Parcial* en la que resolvió que, tomando como ciertas las alegaciones de la *Demanda*, no surgía un hecho en el que se justifique la acción de cobro de dinero toda vez que, las alegaciones eran conclusorias.[5] Particularmente, determinó que, en su mayoría, las alegaciones de la *Demanda* no contenían alegaciones fácticas que demostraran que la parte apelada le adeude una cantidad líquida, vencida y exigible que justifiquen una acción de cobro de dinero. Consecuentemente, el foro primario ordenó la desestimación de la primera y segunda causa de acción de la *Demanda* y ordenó la continuación de los procedimientos con respecto a la tercera causa de acción.

---

[4] Entrada núm. 15 del caso núm. AR2025CV01981 en el SUMAC.
[5] Entrada núm. 17 del caso núm. AR2025CV01981 en el SUMAC.

El 10 de febrero de 2026, la parte apelante presentó una *Solicitud de reconsideración de Sentencia Parcial o en la alternativa solicitud para que se deje sin efecto Sentencia y se permita enmienda a la Demanda (R.13.1)* en la que sostuvo que, las aseveraciones en la *Demanda* son específicas y justifican el remedio solicitado en la *Demanda*.[6] Además, arguyó que, la *Demanda* contenía alegaciones suficientes que cumplían con los elementos básicos de una deuda líquida, vencida y exigible. De lo contrario, solicitó que el foro primario reconsiderara su dictamen puesto que, su *Demanda* era susceptible de ser enmendada debido a que quería abundar en las alegaciones acerca de la falta de actualización en las tablas de facturación de las tarifas médicas.

En igual fecha, Cicoy radicó una *Demanda enmendada* en la que formuló alegaciones adicionales con relación a su reclamo de cobro de dinero.[7]

El 19 de febrero de 2026, la parte apelada instó una *Oposición a solicitud de reconsideración de Sentencia Parcial* en la que alegó que, Cicoy no actuó de buena fe tras intentar en la *Demanda enmendada* alterar alegaciones y ajustar las deficiencias señaladas por el TPI en la *Sentencia Parcial*.[8] Enfatizó que, las primeras dos causas de acción de la *Demanda* fueron debidamente desestimadas ante la falta de alegaciones para que prosperara un pleito sobre cobro de dinero.

Evaluada ambas posturas, el 23 de febrero de 2026, el foro primario emitió una *Resolución* en la que declaró No Ha Lugar la *Solicitud de reconsideración de Sentencia Parcial o en la alternativa solicitud para que se deje sin efecto Sentencia y se permita enmienda a la Demanda (R.13.1)*.[9] Atisbó que, la parte apelante tuvo amplia

---

[6] Entrada núm. 18 del caso núm. AR2025CV01981 en el SUMAC.
[7] Entrada núm. 19 del caso núm. AR2025CV01981 en el SUMAC.
[8] Entrada núm. 22 del caso núm. AR2025CV01981 en el SUMAC.
[9] Entrada núm. 24 del caso núm. AR2025CV01981 en el SUMAC.

oportunidad para enmendar la *Demanda* y, por tanto, se denegó autorizar la presentación de esta.

Inconforme, el 24 de marzo de 2026, Cicoy presentó una *Apelación* en la que coligó los siguientes señalamientos de error:

> Primer error: Erró el TPI al desestimar bajo la Regla 10.2(5) las causas de acción de cobro de dinero y la de intereses devengados, por entender que las alegaciones de la demanda (Ent. #1) no exponen hechos que justifiquen la concesión de un remedio.
>
> Segundo error: Erró el TPI al no considerar la demanda enmendada (Ent. #19) y mantener su determinación de desestimación, aún cuando la Sentencia Parcial (Ent. #17) no había advenido final y firme, ni Doctor Susoni había presentado sus alegaciones responsivas.

En cumplimiento con nuestra *Resolución*, el 22 de abril de 2026, la parte apelada instó un *Alegato en oposición a apelación*.

Con el beneficio de la comparecencia de las partes procederemos a resolver el recurso ante nos.

**II.**

**A.**

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2 dispone que,

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;
> (3) insuficiencia del emplazamiento;
> (4) insuficiencia del diligenciamiento del emplazamiento;
> (5) dejar de exponer una reclamación que justifique la concesión de un remedio;
> (6) dejar de acumular una parte indispensable.

La Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2 permite que un demandado solicite al Tribunal que desestime la demanda antes de contestarla cuando "es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Inmobiliaria Baleares, LLC v. Benabe González,* 214 DPR 1109, 1128 (2024); *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020). La moción de desestimación procede cuando de las

alegaciones de la demanda surge que "alguna defensa afirmativa derrotará la pretensión de la parte demandante". *Saint Mary Investments, LLC v. Denton Morales,* 2026 TSPR 35; *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 83 (2023). La solicitud debe hacerse mediante una moción y tiene que estar fundamentada bajo los siguientes fundamentos: (1) falta de jurisdicción sobre la materia o [la] persona, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. *Inmobiliaria Baleares, LLC v. Benabe González, supra,* pág. 1128; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 396 (2022); *López García v. López García,* 200 DPR 50, 69 (2018). Ahora bien, las partes o el Tribunal motu proprio puede elevar el planteamiento de falta de jurisdicción sobre la materia y esta puede hacerse en cualquier etapa de los procedimientos. *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). En lo pertinente, una desestimación por la parte dejar de exponer una reclamación que justifique la concesión de un remedio, el Tribunal Supremo ha resuelto que al resolver una moción de desestimación los tribunales están obligados a dar por ciertas y buenas todas las alegaciones fácticas de la demanda presentada. *El Día. Inc. v. Mun. De Guaynabo,* 187 DPR 811, 821 (2013).

Al momento de evaluar una moción al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el Tribunal tiene que tomar como cierto los hechos alegados en la demanda y considerarlo de la manera más favorable para el demandante. *Saint Mary Investments, LLC v. Denton Morales, supra; Inmobiliaria Baleares, LLC v. Benabe González, supra,* pág. 1129; *Cobra Acquisitions v. Mun. Yabucoa et al., supra,* pág. 396. Igualmente, se deben interpretar las alegaciones de forma conjunta y liberal. *Saint Mary Investments, LLC v. Denton Morales, supra.* Para que un demandado prospere ante

una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, tiene que demostrar que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pudiera probar en apoyo a su reclamación, aun interpretando de forma liberal la demanda. *Inmobiliaria Baleares, LLC v. Benabe González, supra,* págs. 1129-1130; *Cobra Acquisitions v. Mun. Yabucoa et al., supra,* pág. 396. Es decir, el demandado tiene que demostrar que no tiene derecho a remedio alguno bajo cualquier estado de Derecho que pueda probarse en apoyo a su reclamación, aunque se interprete de forma favorable y liberal la demanda. *Saint Mary Investments, LLC v. Denton Morales, supra.* Ante una moción bajo la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, el Tribunal debe examinar si el demandante no tiene derecho a que se ventile el pleito, ya sea al amparo del remedio principal o el alternativo. *Cobra Acquisitions v. Mun. Yabucoa et al., supra,* pág. 397. El estándar de adjudicación de una moción de desestimación, el Tribunal tiene el deber de tomar como cierto los hechos bien alegados en la demanda y que hayan sido aseverados de forma clara y concluyente. *Saint Mary Investments, LLC v. Denton Morales, supra; Eagle Security v. Efrón Dorado et al., supra,* pág. 84. Le corresponde al foro judicial determinar si, a base de esos hechos aceptados como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 534 (2024), citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 307; *Saint Mary Investments, LLC v. Denton Morales, supra.* Ahora bien, "una reclamación plausible que justifique la concesión de un remedio, no se debe extender a considerar si hay prueba que sustente las alegaciones de una demanda". *Saint Mary Investments, LLC v. Denton Morales, supra.* Si el foro primario resuelve que la demanda no cumple con estándar

de plausabilidad, el tribunal debe desestimar la demanda y no permitir que una demanda "insuficiente proceda bajo el pretexto de que con el descubrimiento de prueba puedan probarse las alegaciones conclusorias". Hernández Colón, *op. cit*, pág. 307.

**B.**

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, permite a las partes en un pleito enmendar sus alegaciones e incluir cuestiones omitidas o aclarar reclamaciones. 32 LPRA Ap. V., R. 13.1; *Dist. Unidos Gas v. Sucn. Declet Jiménez*, 196 DPR 96, 117 (2016); *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 197 (2012). A esos efectos, la citada Regla establece lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal lo ordene de otro modo. 32 LPRA Ap. V., R. 13.1.

Una enmienda a una alegación pueda ayudar a abundar en las alegaciones presentadas originalmente, para ampliar las causas de acción expuestas en una demanda para añadir más causas de acción. *Dist. Unidos Gas v. Sucn. Declet Jiménez, supra*, pág. 117. Una parte puede enmendar una alegación antes de que la otra parte presente una alegación responsiva. *Dist. Unidos Gas v. Sucn. Declet Jiménez, supra*, pág. 117. "En caso de que la alegación no admita alegación responsiva y el pleito no haya sido señalado para juicio, esta podrá enmendarse dentro de los veinte días de haber sido notificada". *Dist. Unidos Gas v. Sucn. Declet Jiménez, supra,* pág. 117. De lo contrario, la parte que interese enmendar su alegación

tendrá que solicitar la autorización correspondiente del Tribunal o deberá tener el consentimiento escrito de la parte contraria. *Dist. Unidos Gas v. Sucn. Declet Jiménez, supra,* pág. 117*; Colón Rivera v. Wyeth Pharm., supra*, pág. 198. Así pues, el permiso para enmendar las alegaciones se podrá conceder liberalmente, cuando la justicia así lo requiera. *Colón Rivera v. Wyeth Pharm., supra*, pág. 198; R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, sec. 2413, pág. 297. Sin embargo, la liberalidad de la Regla 13.1 para conceder enmiendas no es infinita, pues está condicionada por un ejercicio juicioso de discreción. *Ortiz Díaz v. R & R Motors Sales Corp.*, 131 DPR 829, 836 (1992); *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1975).

Por ello, nuestro Máximo Foro ha establecido cuatro (4) elementos que los tribunales deben tomar en consideración al momento de decidir si se autoriza una enmienda. *Colón Rivera v. Wyeth Pharm, supra*, pág. 199. Los elementos por considerar son: 1) el impacto del tiempo transcurrido previo a la enmienda; 2) la razón de la demora; 3) el perjuicio a la otra parte; y 4) la procedencia de la enmienda solicitada. *Colón Rivera v. Wyeth Pharm, supra*; SLG Sierra v. Rodríguez, 163 DPR 738, 748 (2005). Todos estos factores deben considerarse conjuntamente al momento de determinar si procede la enmienda a la demanda. *Colón Rivera v. Wyeth Pharm., supra.*

Ahora bien, "el factor que resulta de mayor relevancia al momento de evaluar una solicitud de autorización para enmendar las alegaciones es el perjuicio que puede causarse a la parte contraria". *SLG Font Bardón v. Mini-Warehouse*, 179 DPR 322, 335 (2010). A esos efectos, en *Colón Rivera v. Wyeth Pharm, supra,* el Tribunal Supremo, citando al tratadista Cuevas Segarra, expresó que "cuando la propuesta enmienda altera radicalmente el alcance

y naturaleza del caso, con un consecuencial cambio, convirtiendo la controversia inicial, en tangencial, el permiso debe ser denegado", pero ello no significa que no se puedan añadir nuevas teorías o reclamaciones. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Pubs. JTS, 2011, T. II, pág. 594. (Énfasis nuestro). No obstante, un mero cambio de teoría en las alegaciones no constituye un perjuicio indebido. *S.L.G. Font Bardón v. Mini–Warehouse, supra,* pág. 336.

Las enmiendas esbozadas en una demanda se retrotraen a la fecha de a la presentación. *Dist. Unidos Gas v. Sucn. Declet Jiménez, supra,* págs. 117-118. Ahora bien, para que las enmiendas se retrotraigan, las nuevas defensas o reclamaciones deben surgir de la misma conducta, acto, omisión o evento expuesto en la alegación original. *Dist. Unidos Gas v. Sucn. Declet Jiménez, supra,* pág. 118.

En lo pertinente a la controversia ante nos, en *Conde Cruz v. Resto Rodríguez,* 205 DPR 1043, 1070 (2020), el Tribunal Supremo resolvió que, en una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* la parte demandada no tiene la obligación de esgrimir las defensas afirmativas ante la naturaleza para la que fue creada la Regla 10.2 de Procedimiento Civil, *supra.* Con ello, ante una moción de desestimación, no se considera como una alegación responsiva, por tanto, no se entienden renunciadas. *Conde Cruz v. Resto Rodríguez, supra,* pág. 1070. Con ello, una moción de desestimación no constituye una alegación responsiva. *Conde Cruz v. Resto Rodríguez, supra.*

**III.**

En el caso de autos, Cicoy argumentó que, el TPI erró en desestimar la *Demanda* toda vez que, las alegaciones contenidas en la *Demanda* justifican el pleito de cobro de dinero y la procedencia de la cuantía reclamada. En esa línea, alegó que, el *foro a quo* debió

considerar la *Demanda* enmendada puesto que la parte apelada no había presentado una alegación responsiva.

Por estar relacionados los señalamientos de error, procederemos a discutirlos en conjunto.

Conforme las normas jurídicas pormenorizadas, una enmienda a una alegación puede facilitar abundar las alegaciones presentadas en una *Demanda*. Ahora bien, una parte puede enmendar sus alegaciones previo a haberse notificado una alegación responsiva. Empero, cuando se pretende enmendar una alegación responsiva y de esta no admitir y el pleito no haya sido señalado para juicio, entonces la parte puede enmendarla dentro del término de veinte (20) días de haber notificado su alegación. De no ocurrir las circunstancias previamente descritas, la parte que quiera enmendar sus alegaciones tendrá que solicitar permiso del Tribunal o mediante el consentimiento escrito de la otra parte para presentar una alegación responsiva. No obstante, el Tribunal podrá conceder liberalmente las enmiendas a las alegaciones.

Por otro lado, ante una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, las alegaciones contenidas en la *Demanda* deben interpretarse de la forma más beneficiosa. De lo contrario, si estas no justifican la concesión del remedio solicitado, procede la desestimación de la causa de acción conforme la Regla 10.2 de Procedimiento Civil, *supra*, R.10.2. Dada las particularidades de la génesis de este caso, amerita resaltar que, cuando un Tribunal está ante una moción de desestimación debe evaluar si está ante una "reclamación plausible que justifique la concesión de un remedio". *Saint Mary Investments, LLC v. Denton Morales, supra.* Empero, no debemos considerar si hay prueba que justifique las alegaciones contenidas en una demanda. *Íd.*

Ciertamente, luego de un análisis detallado de los trámites procesales del recurso, denotamos que el TPI no cumplió con el estándar exigido al evaluar una moción de desestimación. A tenor con lo establecido en la Regla 10.2 de Procedimiento Civil, *supra*, y la normativa aplicable, cuando un Tribunal tiene ante sí tiene que considerar si de las alegaciones surge que procede conceder el remedio solicitado por el demandante. Es decir, el foro judicial, al examinar las alegaciones de la *Demanda*, puede razonar que el demandado debe responder por sus actuaciones. Con ello, el *foro a quo* no debió pasar juicio sobre si las alegaciones eran ciertas o falsas. Así pues, el TPI no debió desestimar la causa de acción fundamentándose en la inexistencia del monto reclamado por la parte apelante para que procediera una acción de cobro de dinero. Al respecto, foro primario debió circunscribirse a evaluar si de las alegaciones contenidas en la *Demanda* surgen suficientes hechos para que prospere una reclamación de cobro de dinero en aras de conceder el remedio solicitado por el demandante. Igualmente, ante la existencia de un contrato entre las partes, el *foro a quo* debió concederle a la parte apelante la oportunidad de presentar la *Demanda enmendada* para que el pleito continuara su trámite ordinario.

A la luz de los fundamentos que anteceden, resolvemos que el foro primario no debió ordenar la desestimación del pleito tras errar en cumplir con el examen exigido al evaluar una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*.

**IV.**

Por los fundamentos que anteceden, revocamos la *Sentencia Parcial* apelada y devolvemos el caso ante el foro primario para que resuelva conforme a lo aquí resuelto en virtud de que se mantiene vigente la primera y segunda causa de acción de la *Demanda*.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones